FILED
United States Court of Appeals
Tenth Circuit

June 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LONNIE A. GASKEY,

Petitioner - Appellant,

v.

STEVE HARTLEY, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 08-1076
(D. Ct. No. 07-CV-01547-WYD-MJW)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Lonnie A. Gaskey, a Colorado prisoner appearing pro se,

seeks a certificate of appealability ("COA") to challenge the district court's denial of his

petition for habeas relief pursuant to 28 U.S.C. § 2254.  We deny a COA and therefore

dismiss this appeal.

**I.  BACKGROUND**

Mr. Gaskey pleaded guilty in Colorado state court to two counts of aggravated

robbery, one count of second degree assault, and one count of a crime of violence.  He

was sentenced to consecutive prison sentences totaling forty years.  He subsequently

moved for post-conviction relief based on ineffective assistance of counsel, arguing that his guilty plea was involuntary because his attorney promised him he would receive a sentence between fifteen and twenty years and because his substitute counsel at the plea hearing threatened to withdraw from the case if Mr. Gaskey did not plead guilty. He also argued that his counsel was ineffective by failing to have Mr. Gaskey undergo a mental evaluation. The motion was denied by the trial court and affirmed by the Colorado Court of Appeals. Making the same arguments, Mr. Gaskey filed this § 2254 petition for federal habeas relief in the United States District Court for the District of Colorado. The district court denied the petition and his application for a COA. Mr. Gaskey then filed this appeal and renewed motion for a COA.

## II. DISCUSSION

A petitioner may not appeal the denial of habeas relief under 28 U.S.C. § 2254 unless a COA is granted. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires the petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Mr. Gaskey may show his counsel was constitutionally ineffective only if he demonstrates that counsel's performance fell below an objective standard of

reasonableness and that counsel's deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984). In the context of a guilty plea, Mr. Gaskey must show that but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In this case, the Colorado Court of Appeals found that Mr. Gaskey's written agreement to plead guilty informed him that (1) he could receive a sentence in the range of ten-to-thirty-two years on each of the counts; (2) the court could order the sentences to be served consecutively; and (3) his plea must be voluntary and not the result of undue influence or coercion. In addition, the Colorado Court of Appeals emphasized that Mr. Gaskey told the trial court that he understood the written petition and that he was entering his plea voluntarily and without additional promises; at no time did he express confusion or indicate to the court that his counsel had promised a particular sentence. Therefore, the court concluded that Mr. Gaskey had not shown his plea was unknowing and involuntary based on ineffective assistance of counsel.

Mr. Gaskey does not challenge these findings in his § 2254 petition, contending only that an evidentiary hearing is necessary to develop his claim. The district court did not abuse its discretion in declining to conduct such a hearing. This Court "permit[s] summary disposition of habeas corpus petitions based on claims of unkept promises and misunderstanding when the court record refutes the claims." *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996). Indeed, we have specifically held that a district court does not

err in refusing to hold an evidentiary hearing on the voluntariness of a plea when the habeas petitioner's allegations are contradicted by his statements during the plea colloquy. *See id.*

As to Mr. Gaskey's ineffectiveness argument based on his counsel's failure to order a mental evaluation, Mr. Gaskey does not explain in his petition how the results of such an evaluation would have changed his decision to plead guilty or reduced the sentence he received. Thus, even assuming that counsel should have ordered an examination, Mr. Gaskey has not demonstrated how he was prejudiced by that failure.

## III. CONCLUSION

Reasonable jurists could not debate that Mr. Gaskey failed to present a claim that he was denied his Sixth Amendment right to the effective assistance of counsel. We therefore DENY his application for a COA. We GRANT Mr. Gaskey's motion to proceed in forma pauperis.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge