**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENNTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANKLIN GOODWIN, JR.,

Defendant-Appellant.

No. 13-3177
(D.C. Nos. 2:12-CV-02669-JWL and
2:07-CR-20168-JWL-24)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After a jury convicted Franklin Goodwin, Jr. on cocaine conspiracy charges, a result this court affirmed on direct appeal, Mr. Goodwin filed a collateral attack on his conviction under 28 U.S.C. § 2255. Mr. Goodwin alleged that the evidence at trial was insufficient to prove his participation in the conspiracy and that he was denied effective assistance of counsel. The district court disagreed, issued a detailed memorandum and order dismissing Mr.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Goodwin's request, and denied Mr. Goodwin's request for a certificate of appealability (COA).

Now before us, Mr. Goodwin renews his request for a COA. He adds claims that he was entitled to an evidentiary hearing, that his Sixth Amendment rights were violated when a judge determined that he had two prior convictions triggering 21 U.S.C. § 841(b)(1)(A), and that the Fair Sentencing Act of 2010 should apply retroactively and reduce his sentence. These arguments were not made in Mr. Goodwin's § 2255 action below and so are not preserved for our review. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Further, Mr. Goodwin could have raised his Fair Sentencing Act and evidentiary hearing arguments on direct appeal, and a § 2255 motion generally is "not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). When a defendant "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Id.* Mr. Goodwin fails to provide evidence of either.

Mr. Goodwin also raises for the first time in this court a Sixth Amendment claim based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), a decision issued by the Supreme Court after the district court ruled on his § 2255 motion. But

2

even assuming *Alleyne* applies retroactively to cases on collateral review and could be considered for the first time in this court (questions we do not need to decide) the case does not help Mr. Goodwin on its own terms. In *Alleyne*, the Court held that most (but not all) facts that increase a mandatory minimum sentence must be submitted to the jury. Mr. Goodwin argues this means the existence of his prior convictions should have been tried to the jury in his case because they triggered the application of a mandatory minimum sentence. But this much *Alleyne* does not require. To the contrary, *Alleyne* expressly left in place the preexisting rule that a judge may (as here) find the fact of a prior conviction. *Id.* at 2160 n.1.

To succeed on his remaining claims, ones he did present to the district court, Mr. Goodwin must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And to do that, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Our review of the case leads us to agree with the district court that Mr. Goodwin has not crossed that threshold.

Mr. Goodwin first claims that the evidence presented at trial was only sufficient to prove he had a buyer-seller relationship with the conspiracy and was

not a member.  But Mr. Goodwin made the same claim on direct appeal, and it cannot be relitigated at this juncture in the absence of a change in the law.  *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).  Mr. Goodwin points to no change in the law.

Separately, Mr. Goodwin alleges his counsel was ineffective.  To succeed on a claim of ineffective assistance, a petitioner must demonstrate two things.  First, he must show that his attorney's performance "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Second, he must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  Before us, Mr. Goodwin offers a variety of theories why, in his view, his counsel's performance meets the test set forth in *Strickland*.  The district court addressed each of these theories in depth (and others still Mr. Goodwin pursued in district court but no longer pursues here) and found each wanting under *Strickland*.  After our independent review, we agree with the district court's reasoning and result.

According to Mr. Goodwin, his counsel's performance at the sentencing hearing was ineffective because counsel failed to object to the use of crack cocaine in determining Mr. Goodwin's base offense level for guidelines purposes.  The district court rejected this argument finding (among other things) that Mr. Goodwin was not prejudiced because he was not sentenced under the guidelines,

4

but rather received the statutory mandatory minimum sentence available under § 841(b)(1)(A). That analysis is correct.

Mr. Goodwin argues his counsel was ineffective at sentencing in another way because he (counsel) failed to argue that Mr. Goodwin's prior state convictions don't qualify as offenses punishable under § 841(a). The district court rejected this claim on the merits and denied a COA because Mr. Goodwin's claim raises only non-constitutional sentencing issues and therefore a COA would be improper. This analysis is correct as well. In particular, when it comes to issuing a COA 28 U.S.C. § 2253(c)(2) makes clear that a COA may be granted "only if the applicant has made a substantial showing of the denial of a *constitutional* right." (emphasis added).

Mr. Goodwin also alleges that his counsel was ineffective in failing to engage prosecutors in plea negotiations. As the district court held, however, this claim fails because Mr. Goodwin concedes his counsel discussed with him the possibility of a lesser sentence if he agreed to provide a truthful proffer to the government. Further, Mr. Goodwin's continued assertion, even at this stage, that he is innocent of the charges against him cuts against any suggestion he would have accepted a plea agreement.

Finally, Mr. Goodwin argues that the district court abused its discretion in not granting an evidentiary hearing where he could present evidence that one of the DEA agents the prosecution relied upon was subsequently fired for

5

misconduct. But Mr. Goodwin failed to submit any admissible evidence to the district court to support this assertion. Further, as the district court found, the agent in question provided corroborating testimony only, and there is no reason to believe evidence attacking his credibility would have had any bearing on the jury's verdict.

The application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge