FILED
United States Court of Appeals
Tenth Circuit

December 18, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOHN LAWRENCE STANLEY,

        Defendant - Appellant.

No. 13-5102
(D.C. Nos. 4:11-CV-00687-JHP-TLW
and 4:09-CR-00022-JHP-1)
(N.D. Okla.)

**ORDER DENYING A
CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. John Lawrence Stanley was convicted on two counts of armed bank robbery and two counts of possession of a firearm in furtherance of a crime of violence. He moved to vacate the sentence under 28 U.S.C. § 2255, and the district court denied the motion. He appeals, but we can entertain the appeal only if Mr. Stanley is entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2006). Holding that he is not entitled to a certificate, we dismiss the appeal.

---

[*]     The present order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. The order may be cited, however, for its persuasive value under Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Standard for a Certificate of Appealability

To obtain a certificate of appealability, Mr. Stanley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). This showing exists only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

## Mr. Stanley's Arguments for a Certificate of Appealability

Mr. Stanley argues that he is entitled to a certificate of appealability for three reasons: (1) The district court failed to determine whether his waiver of legal representation was voluntary or knowing; (2) defense counsel was ineffective by failing to seek a second mental-health evaluation; and (3) the district court's application of a sentencing enhancement violated his right to a jury trial in light of the Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). We conclude that Mr. Stanley's arguments are not reasonably debatable.

## Issue 1: Waiver of the Right to Counsel

In his § 2255 motion, Mr. Stanley argued that the district court failed to determine whether he voluntarily and knowingly waived his right to counsel. *See*

2

*Faretta v. California*, 422 U.S. 806, 835 (1975). This argument is subject to procedural default.

A defendant is procedurally barred from making a claim under § 2255 if it was not raised in the direct appeal "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). Mr. Stanley conceded that he failed to raise the issue on direct appeal, so we must evaluate whether the procedural default is excusable.

Mr. Stanley does not give an excuse for his procedural default. But liberally construed,[1] Mr. Stanley's filings could be read to suggest a fundamental miscarriage of justice if we do not address his claim. Even with this liberal reading, however, we would conclude that the claim is procedurally barred.

This claim is based on *Faretta v. California*, 422 U.S. 806 (1975). There, the Supreme Court held that a trial court must verify that a defendant knowingly and voluntarily waives the benefit of counsel before he may represent himself. *Faretta v. California*, 422 U.S. 806, 835-36 (1975). The district court can ask questions about the defendant's mental health to verify that his decision to waive

---

[1] We liberally construe Mr. Stanley's pleadings because of his pro se status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

legal representation is knowing and voluntary. *See Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1065 (11th Cir. 1986).

Mr. Stanley chose to represent himself. Though the district court asked about that choice and suggested that Mr. Stanley accept legal representation, he argues the inquiry was insufficient because of his mental-health issues.

We reject this argument. The district court asked Mr. Stanley to determine whether he knowingly and intelligently waived his right to counsel. Mr. Stanley assured the court: "I feel like I'm mentally healthy at this time. I do have depression. As long as I get my medication, I don't have a problem. And they've been giving it to me without a problem." R. Vol. I, at 97 (quoting June 26, 2009 Hr'g Tr. at 9). And a psychological evaluation verified that he was mentally fit to stand trial despite his symptoms of mental illness. Pet'r's Br. add. at 7.

The district court properly concluded that its colloquy with Mr. Stanley had established a knowing and intelligent waiver of his right to counsel. Thus, we conclude that the present claim is procedurally barred.

### Issue 2: Ineffective Assistance of Counsel

According to Mr. Stanley, his mental health was inadequately investigated by his attorney. The district court rejected this argument, noting that: (1) the public defender had retained a psychologist to conduct an extensive mental health evaluation, (2) the public defender had represented Mr. Stanley for only a short time after receipt of the psychologist's report, and (3) Mr. Stanley had not asked

4

for a second mental health evaluation after choosing to represent himself. The district court's explanation is not reasonably debatable.

An ineffective-assistance claim has two elements: (1) The representation must be deficient, and (2) the deficiency must be so serious that it deprived the petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The psychologist concluded that Mr. Stanley was competent because his "expressed thoughts were easy to understand and were fairly logical." Pet'r's Br. add. at 7. The record does not suggest any reason for defense counsel to question this evaluation. Thus, defense counsel's decision not to order a second evaluation was reasonable. *See Elam v. Denney*, 662 F.3d 1059, 1066 (8th Cir. 2011) ("Even when the initial evaluation by a mental health expert has failed to support a competency or insanity defense, we have repeatedly rejected ineffective assistance claims based upon counsel's failure to obtain and present testimony by additional mental health experts."); *Williams v. Head*, 185 F.3d 1223, 1242 (11th Cir. 1999) ("Strategic decisions, such as the one [defense counsel] made not to request another mental evaluation of [the habeas petitioner], are virtually unassailable, especially when they are made by experienced criminal defense attorneys.").

And even if a failure to order a second evaluation was deficient, Mr. Stanley fails to show prejudice from the lack of a second mental-health evaluation. *See Gaskey v. Hartley*, 280 F. App'x 746, 748 (10th Cir. 2008)

5

(denying a certificate of appealability, reasoning that the petitioner did not show prejudice from defense counsel's failure to order a mental evaluation).

We conclude that the ineffective-assistance claim is not reasonably debatable.

### Issue 3:  Sentencing Reduction under *Alleyne*

Mr. Stanley also sought a reduction in his sentence based on the Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). The district court rejected the claim, and Mr. Stanley challenges this ruling.  We conclude that Mr. Stanley's claim is not reasonably debatable.

After the § 2255 motion was fully briefed, Mr. Stanley wrote to the district court and added the *Alleyne* claim.  In this letter, he claimed enhancement of his sentence under "18 USC 92(c)(1)(C)(i)."  Letter by John Lawrence Stanley to United States District Court (June 26, 2013), ECF No. 113.  There is no such section in the United States Code.  Thus, our threshold task is to determine what Mr. Stanley had intended.

To make this determination, we can take judicial notice of the presentence report.[2]  This report reflected a finding of guilt on 18 U.S.C. § 924(c)(1)(C)(i), which triggers a mandatory minimum sentence of 25 years for a second or subsequent conviction.  18 U.S.C. § 924(c)(1)(C)(i) (2006).  The Supreme Court has held that a prior conviction need not be submitted to the jury, and the *Alleyne*

---

[2]     The district court adopted the presentence report as "the factual basis for the sentence."  Sent. Tr. at 6, Oct. 28, 2009, ECF No. 76.

Court left this holding in place. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151, 2160 n.1 (2013). Thus, we have denied a certificate of appealability when the movant argued that *Alleyne* retroactively applied to invalidate a judge's finding regarding a prior conviction. *United States v. Goodwin*, No. 13-3177, __ F. App'x __, 2013 WL 5509175, at *1 (10th Cir. Oct. 7, 2013). This opinion is persuasive, and we deny a certificate of appealability to Mr. Stanley for the same reason: Even if *Alleyne* were to apply retroactively, it would not have required the district court to submit the existence of a prior conviction to the jury.

<u>Conclusion</u>

Mr. Stanley has not made a substantial showing of the denial of a

constitutional right. Thus, we deny his request for a certificate of appealability and dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

7